1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER MANCINAS,                    No.  2:16-cv-2806-EFB P

12                 Plaintiff,

13          v.                                 ORDER

14    EDMOND G. BROWN, JR., et al.,

15                 Defendants.

16

17          Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18    § 1983,[1] has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.

20    **I.    Request to Proceed In Forma Pauperis**

21          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24    § 1915(b)(1) and (2).

25    /////

26    /////

27          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local
28    Rules, Appx. A, at (k)(4).

                                                1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

## III.     Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim.  The complaint alleges that plaintiff was supposed to be housed in a cell approved by the Americans with Disabilities Act because plaintiff was recovering from back surgery.  However, plaintiff was allegedly placed in an administrative segregation cell.  On November 22, 2014, plaintiff purportedly slipped in a puddle of water caused by a leak in the cell and severely injured his lower back and right leg.  Correctional officers allegedly delayed in responding to plaintiff's cries for help and plaintiff was "hastily examined by medical staff."  ECF No. 1, ¶ 18.  Plaintiff was allegedly returned to the cell, which had been cleaned and mopped, but the leak persisted.  As a result, Officer Dixon allegedly moved plaintiff to another cell.  The complaint alleges that "[t]he water leak was an ongoing issue that institutional staff were aware of, because there were prior serious instances of water breaches that affected building equipment which led to malfunctions and other problems."  *Id.* ¶ 24.   The complaint names Governor Brown, CDCR Director Stainer, Warden Fox, and Sergeant Infante as defendants, alleging that they violated plaintiff's Eighth Amendment rights and caused plaintiff's injury by failing to adequately fund the prison and/or supervise their subordinates.  The complaint also names "Does I – X" as defendants.   For the reasons stated below, the complaint fails to state a claim upon which relief could be granted.

First, the complaint fails to plead facts sufficient to state a claim cognizable under the Eighth Amendment.  A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  *Id.* at 834.  To show deliberate indifference, the prisoner must establish that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

1   exists, and he must also draw the inference." *Id.* at 837.  A prison official may thus be free from

2   liability if he or she did not know of the risk or took reasonable action in response to the risk. *Id.*

3   at 844.

4          Even liberally construed, the complaint does not state a claim under the Eighth

5   Amendment.  There are no facts supporting a conclusion of deliberate indifference.  In the context

6   of a slippery floor, a simple claim of negligence is not actionable under the Eighth Amendment,

7   because "[t]he Constitution does not mandate comfortable prisons," and a prisoner's bare

8   complaint about a slippery floor does not state even an arguable claim for cruel and unusual

9   punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (internal quotation omitted).

10  *See also Thompson v. McMahon*, No, EDCV 12-1020-FMO (JEM), 2013 U.S. Dist. LEXIS

11  132266 (C.D. Cal. Sept. 16, 2013) (negligence claim arising from prisoner's fall at work not

12  elevated into a federal cause of action; listing similar cases); *Brown v. Brasher*, No. CIV S-10-

13  0479-MCE-EFB, 2012 U.S. Dist. LEXIS 24379 (E.D. Cal. Feb. 27, 2012) (mobility impaired

14  inmate's claim regarding slipping and falling in a puddle caused by a water leak could only

15  support a tort claim of negligence).  Where the condition complained of is not objectively

16  inhumane in violation of the Eighth Amendment, the prisoner must show that the condition

17  "exacerbated the inherent dangerousness of already-existing hazards, such that those hazards

18  'seriously threatened'" the prisoner's safety and security.  *Osolinski v. Kane*, 92 F.3d 934, 938

19  (9th Cir. 1996) (citing *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)).

20         Here, plaintiff's allegations that he sustained an injury from a slip and fall demonstrate

21  negligence at most.  There are no facts demonstrating that any individual defendant knew of an

22  objectively serious risk to plaintiff and disregarded that risk.  Thus, there are no exacerbating

23  circumstances that could elevate this simple negligence claim into a federal cause of action.  *See,*

24  *e.g., Wallace v. Haythorne*, No. 06-1697-MCE-GGH P, 2007 U.S. Dist. LEXIS 76330 (E.D. Cal.

25  Oct. 15, 2007) (no Eighth Amendment violation when inmate fell after his foot slipped into a hole

26  in the floor caused by a missing tile, even if defendants knew that holes had caused others to trip).

27         Second, the complaint improperly names defendants solely because of their roles as

28  supervisors.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

                                              4

1 | elements: (1) that a right secured by the Constitution or laws of the United States was violated,

2 | and (2) that the alleged violation was committed by a person acting under the color of state law.

3 | *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights

4 | claim unless the facts establish the defendant's personal involvement in the constitutional

5 | deprivation or a causal connection between the defendant's wrongful conduct and the alleged

6 | constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

7 | *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

8 | Here, the complaint does not show how any particular defendant, through his own

9 | individual actions, has violated plaintiff's rights. Plaintiff may not sue any official on the theory

10 | that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v.*

11 | *Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983

12 | suits, "a plaintiff must plead that each Government-official defendant, through the official's own

13 | individual actions, has violated the Constitution." *Id.*

14 | In addition, the complaint refers generally to unidentified "staff" or "defendants."

15 | Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

16 | defendants by alleging with at least some degree of particularity the overt acts that the defendants

17 | engaged in that support plaintiff's claims. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649

18 | (9th Cir. 1984). *Id.* By referring generally to "staff" or "defendants" without specifically linking

19 | a particular defendant to a violation of plaintiff's federal rights, the complaint hardly provides

20 | defendants with "fair notice" of the claims against them.

21 | Likewise, the complaint's use of "Doe" defendants is problematic. Unknown persons

22 | cannot be served with process until they are identified by their real names and the court will not

23 | investigate the names and identities of unnamed defendants. If plaintiff later learns the identities

24 | of the "Doe" parties he wishes to serve, he may move pursuant to Rule 15 of the Federal Rules of

25 | /////

26 | /////

27 | /////

28 | /////

1  Civil Procedure to file an amended complaint to add them as named defendants.[2]  *See Brass v.*

2  *County of Los Angeles*, 328 F.3d 1192, 1197 98 (9th Cir. 2003).

3         For these reasons, the complaint must be dismissed.   Plaintiff will be granted leave to file

4  an amended complaint.  Any such filing must allege a cognizable legal theory against a proper

5  defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d

6  1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity

7  to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an

8  amended complaint, the amended complaint shall clearly set forth the claims and allegations

9  against each defendant.  Any amended complaint must cure the deficiencies identified above and

10  also adhere to the following requirements:

11         Any amended complaint must identify as a defendant only persons who personally

12  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

13  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

14  constitutional right if he does an act, participates in another's act or omits to perform an act he is

15  legally required to do that causes the alleged deprivation).

16         It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

17         Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

18  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

19         Any amended complaint must be written or typed so that it so that it is complete in itself

20  without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

21  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

22  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

23  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

24  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

25  1967)).

26 _____

         [2] If the timing of any amended complaint raises questions as to the statute of limitations,
27  plaintiff must satisfy the requirements of Rule 15(c) of the Federal Rules of Civil Procedure,
   which is the controlling procedure for adding defendants whose identities were discovered after
28  commencement of the action.

6

1       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3 *See* E.D. Cal. L.R. 110.

4 **IV.**    **Summary of Order**

5       Accordingly, IT IS HEREBY ORDERED that:

6     1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 10, 11) is granted.

7     2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected

8        in accordance with the notice to the California Department of Corrections and

9        Rehabilitation filed concurrently herewith.

10     3. The complaint is dismissed with leave to amend within 30 days. The complaint

11        must bear the docket number assigned to this case and be titled "Amended

12        Complaint." Failure to comply with this order may result in dismissal of this

13        action for failure to prosecute and failure to state a claim. If plaintiff files an

14        amended complaint stating a cognizable claim the court will proceed with service

15        of process by the United States Marshal.

16 Dated: February 28, 2018.

17 _____
     EDMUND F. BRENNAN

18      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28